SCANLON v. MULLER et al.

(Supreme Court, Appellate Term. April 24, 1906.)

CONTRACTS—COMPENSATION.

    Where an estimate by a subcontractor of the price for doing certain work included the digging of a trench, which he in fact did not dig, though the omission was excusable, the item should be deducted from the contract price, though the specifications of the contract between the general contractors and the owner placed the duty of digging the trench on the contractors.

    [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 1408.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Thomas F. Scanlon against Edward Muller and others. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

James B. Henney, for appellants.
Frank A. Acer, for respondent.

BISCHOFF, J. It is apparent that the plaintiff's recovery of $155 was based upon the court's misconception of the extent of the agreement in suit. The contract was evidenced by a written proposal and accept-

ance, and the proposal distinctly stated that the plaintiff included in his estimate the digging of a trench. Concededly, he did not dig the trench, and, while the omission was excusable, the defendants were entitled to a deduction of the value of this item from the contract price; the action being brought for the agreed value on the theory of substantial performance. The justice deducted only the sum testified to by the plaintiff as the value of so much of the omitted work as involved the placing of concrete in the trench when dug, and the only evidence in the case as to the value of the necessary work of excavation was disregarded, apparently upon the assumption that the digging was no part of the work which the plaintiff was to perform. It is suggested by the respondent that the specifications in evidence (the basis of the contract between the defendants, general contractors, and the owner of the premises) placed the duty of digging the trench upon the contractors; but certainly this had no bearing upon the particular agreement between the defendants and the plaintiff, their subcontractor. This agreement, as we have noted, admitted of no doubt as to what the plaintiff had undertaken to do, and the judgment has awarded him the contract price for work which he has not performed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.